Opinion
 

 DRAPER, P. J.
 

 This is an action for damages for personal injuries resulting from a one-car accident. Plaintiff was a passenger in an automobile driven by one Laspada on State Highway 29 about 9:10 a.m., on a clear, dry July day. His car was travelling in the outer (right) lane of the two southbound lanes at a speed of 45-55 miles per hour. He looked across the highway at a pedestrian. His car left the 12-footwide lane, crossed the 10-feet wide shoulder, and straddled a berm 2 to 8 inches high. The car continued, partly on the shoulder and partly on the dirt beyond it, some 75 feet until it struck a concrete abutment. Laspada died in a later and unrelated accident. He and Volkswagen of America, Inc. were named as defendants but were not served. Defendant state and its director of transportation sought and were granted summary judgment. Plaintiff appeals.
 

 The declarations and photographs accompanying them establish that for more than 1,000 feet to the north of the abutment, the road was straight and free of curves, bumps or dips which could in any way obscure vision. Highway 29 had originally been a two-lane road. In 1948, the two southbound lanes were added, and the original road became the
 
 *62
 
 two northbound lanes. In 1962, the four lanes were repaved, and a surfacing material called “chip seal” was applied to the shoulder. A traffic expert for plaintiff averred that if a guard rail had been placed at the edge of the shoulder near the abutment a less serious accident would have occurred. He gave statistics that guard rails reduced injuries and deaths from cars running off the roadway, but did not relate such statistics to this one-mile stretch. The State filed declarations that no accidents had occurred on this highway section during the five and one-half years for which statistics were available, and that no complaints about this roadway had been received. It also showed that some 21 million cars had traveled the southbound lanes in that period and that, while there had been an increase in traffic, peak hour checks showed that at no time did traffic approach the designed capacity of the roadway. In a written opinion, the court concluded that the accident was due solely to the “pilot error” of Laspada, and also that design immunity (Gov. Code, § 830.6) barred the action as against the state.
 

 A public entity is liable “for injury caused by a dangerous condition of its property” upon proof “that the injury was proximately caused by the dangerous condition, [and] that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred.” (Gov. Code, § 835.) “ ‘Dangerous condition’ means a condition of property that creates a substantial (as distinguished from a minor, trivial or insignificant) risk of injury when such property ... is used with due care in a manner in which it is reasonably foreseeable that it will be used.” (Gov. Code, § 830.)
 

 Existence of a dangerous condition is usuálly a question of fact for the jury
 
 (Bakity
 
 v.
 
 County of Riverside,
 
 12 Cal.App.3d 24, 30 [90 Cal.Rptr. 541]). But both statutory (Gov. Code, § 830.2) and decisional law
 
 (Callahan
 
 v.
 
 City and County of San Francisco,
 
 15 Cal.App.3d 374, 378-379 [93 Cal.Rptr. 122]) recognize that the evidence may, as a matter of law show, “that the risk created by the condition was of such a minor, trivial or insignificant nature . . . that no reasonable person would conclude that the condition created a substantial risk of injury when such property . . . was used with due care in a manner in which it was reasonably foreseeable that it would be used.” This case fits precisely into the rule of section 830.2.
 

 The assertion by plaintiff’s expert of some value in guard rails was but general and abstruse. It in no way suggests that absence of guard
 
 *63
 
 rails on this particular one-mile stretch of highway, where clear visibility is in no way obstructed, contributed in any way to any defective or dangerous condition. There were conflicting declarations as to whether the chip seal surfacing of the shoulder differed in either appearance or feel from that of the lane surface. But it is undisputed that the line marking the left side of the outer lane was clearly visible. Yet Laspada crossed the entire shoulder, so that his car’s right side was more than 22 feet from the obvious lane line. No reasonable person could conclude that any risk of injury existed to one using the highway “with due care in a manner in which it was reasonably foreseeable that it would be used.” This is not a mere “momentary miscalcúlation or lapse on the part of the human agent”
 
 (Curreri
 
 v.
 
 City etc. of San Francisco,
 
 262 Cal.App.2d 603, 612 [69 Cal.Rptr. 20]) against which the state may be required to guard in designing its highways. The record conclusively establishes that Laspada’s negligence was the sole cause of plaintiff’s injury.
 

 In light of this holding, we need not discuss the state’s exemption under design immunity.
 

 Judgment affirmed.
 

 Scott, J., and Good, J.,* concurred.